WILLIAM B. AULL, JR., AND EUGENIA LOUISE AULL, EXECUTORS OF THE ESTATE OF WILLIAM B. S. AULL, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CEMA S. CHRIETZBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

E. N. SITTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HENRIETTA S. AULL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 55303–55305, 55325. Promulgated August 18, 1932.

*C. C. Wyche, Esq.*, for the petitioners.
*W. R. Lansford, Esq.*, for the respondent.

## OPINION.

BLACK: We sustain the respondent in his action in treating the $103,919.40 in question as a part of the payment of the purchase price of petitioners' stock and not as a dividend taxable only at surtax rates. Petitioners in their brief lay much stress on the fact that the contract of February 2, 1928, was a mere executory contract to sell certain shares of stock and that title to said shares did not pass by the contract to La France Textile Industries, the proposed purchasers, but remained in petitioners until June 25, 1928, when the final contract was signed and the transfer completed.

We agree with this contention, but do not agree that such fact is determinative of the main issue in petitioners' favor as they seemingly contend. The main issue is whether or not the disbursement of the $103,919.40 was an ordinary dividend. If it was, then petitioners are taxable on the amounts so received at surtax rates only. If it was not the disbursement of an ordinary dividend, but was, as respondent contends, the payment of part of the purchase price of certain shares of stock which petitioners had contracted to sell for an agreed price, then it is clear that the profits from such transaction are taxable as other ordinary income, at both normal and surtax rates.

The applicable revenue act is the 1928 Act. Section 115(a) of that act reads:

The term "dividend" when used in this title * * * means any distribution made by a corporation to its stockholders, whether in money or in other property, *out of its earnings or profits* accumulated after February 28, 1913. [Italics supplied.]

The evidence clearly shows that the Pendleton Manufacturing Company had sufficient accumulated surplus on June 25, 1928, to have paid a dividend of $103,919.40, but this dividend would have had to have been paid in kind because the company did not have sufficient cash funds on hand to have paid it. If any such dividend in kind had been declared and paid, doubtless the proposed purchasers of the stock would have required a corresponding reduction in its price. But, be that as it may, the Pendleton Manufacturing Company did not pay a dividend of $103,919.40, either in cash or in kind, "out of its earnings and profits," within the meaning of the language of the revenue act quoted above. What happened, as shown by the evidence, was that the purchaser of the stock of the Pendleton Manufacturing Company was ready to pay petitioners' part of the agreed purchase price of the stock, and petitioners induced it to pay $103,919.40 of said sum over to the Pendleton Manufacturing Company to be immediately disbursed by it to petitioners in the form of a dividend.

The La France Textile Industries had bought nothing from the Pendleton Manufacturing Company and owed it nothing and it is clear that this payment of $103,919.40 to the Pendleton Manufacturing Company was a payment of part of the purchase price of the stock from petitioners and not a payment for assets purchased from the Pendleton Manufacturing Company. This fact is conclusively established by the written agreement signed at the time such payment was made (set out in the concluding part of our findings of fact), which contained the following clause: "And we do further acknowledge that said payment to Pendleton Manufacturing Company shall be constituted a performance of that part of said agreement, which calls for the payment to said parties of the first part of said aggregate sum of $103,919.40."

The use of the Pendleton Manufacturing Company in this manner—as the conduit through which part of the purchase price for the stock was made—could not convert such payment into an ordinary dividend as claimed by petitioners. Cf. *Charles L. Coughlin*, 15 B. T. A. 515.

*Decision will be entered for the respondent.*